PREET BHARARA
United States Attorney for the
Southern District of New York
SARAH S. NORMAND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2709
Facsimile: (212) 637-2702
Sarah.Normand@usdoj.gov

TONY WEST
Assistant Attorney General
ELIZABETH J. SHAPIRO
AMY POWELL
Trial Attorneys
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 514-5302
Facsimile: (202) 616-8470
Elizabeth.Shapiro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
THE NEW YORK TIMES COMPANY,
CHARLIE SAVAGE, and SCOTT SHANE,   :

                  Plaintiffs,          :     11 Civ. 9336 (CM)

      - against-                             :     **ANSWER**

UNITED STATES DEPARTMENT OF       :     **ECF CASE**
JUSTICE,
                                                          :
                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

       Defendant United States Department of Justice ("DOJ"), by its attorneys, answers the

complaint upon information and belief as follows:

    1.  Denies the allegations in paragraph 1, except admits that plaintiffs have brought this

action under the Freedom of Information Act, 5 U.S.C. § 552.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, except admits that the legality of targeted killing has been a topic of public discussion.

3.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, except admits that the legality of targeted killing has been a topic of public discussion.

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except admits that the legality of targeted killing has been a topic of public discussion.

5.   Denies knowledge or information sufficient to form a belief as to the accuracy of the quotation from John B. Bellinger III in paragraph 5.

6.   Denies the allegations in the first sentence of paragraph 6, except admits that the United States Government has not publicly issued a legal analysis regarding targeted killing. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6, except admits that the legality of targeted killing has been a topic of public discussion.

7.   States that DOJ can neither confirm nor deny the allegations in paragraph 7, except to admit that there exists a classified legal memorandum addressing the subject of targeted killing that pertains to the Department of Defense.

8.   States that paragraph 8 purports to characterize a February 11, 2011, *Newsweek* article, to which the Court is respectfully referred for a complete and accurate statement of its contents.

2

9.  States that paragraph 9 purports to characterize a September 30, 2011, *Washington Post* article, to which the Court is respectfully referred for a complete and accurate statement of its contents.

10.  States that paragraph 10 purports to characterize an October 8, 2011, *New York Times* article, to which the Court is respectfully referred for a complete and accurate statement of its contents.

11.  Denies the allegations in paragraph 11, except admits with respect to the allegations in the first sentence of paragraph 11 that New York Times reporters Scott Shane and Charlie Savage submitted FOIA requests to DOJ, to which the Court is respectfully referred for a complete and accurate statement of their contents; and admits with respect to the allegations in the second sentence of paragraph 11 that DOJ sent Mr. Shane and Mr. Savage responses to their respective requests, to which the Court is respectfully referred for a complete and accurate statement of their contents.

12.  States that the allegations in paragraph 12 constitute a legal conclusion to which no response is required.

13.  States that the allegations in paragraph 13 constitute a legal conclusion to which no response is required.

14.  States that the allegations in paragraph 14 constitute a legal conclusion to which no response is required.

15.  Admits the allegations in the first sentence of paragraph 15.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 15.

16.  Admits the allegations in paragraph 16.

17.  Admits the allegations in paragraph 17.

18.  Admits the allegations in paragraph 18.

19.  With respect to the allegations in paragraph 19, admits that DOJ is an agency of the federal government and states that the allegations in the remainder of paragraph 19 constitute a legal conclusion to which no response is required .

20.  Admits the allegations in the first sentence of paragraph 20.  Denies the allegations in the second sentence of paragraph 20, except admits that the Office of Information Policy ("OIP") is a component of the Department of Justice, and respectfully refers the Court to the Department of Justice's website for a complete and accurate statement of OIP's mission.  Admits the allegations in the third sentence of paragraph 20.

21.  Admits the allegations in paragraph 21.

22.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, except admits that the legality of targeted killing has been a topic of public discussion.

23.  States that paragraph 23 purports to quote from February 3, 2010, testimony to the House Permanent Select Committee on Intelligence, to which the Court is respectfully referred for a complete and accurate statement of its contents.

24.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except admits that the legality of targeted killing has been a topic of public discussion.

25.  Denies knowledge or information sufficient to form a belief as to the accuracy of the

quotation from Jane Harman in paragraph 25.

26.  Denies knowledge or information sufficient to form a belief as to the accuracy of the quotation from Senator Dianne Feinstein in paragraph 26.

27.  Denies knowledge or information sufficient to form a belief as to the accuracy of the quotation from Senator Carl Levin in paragraph 27.

28.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 28, except admits that the legality of targeted killing has been a topic of public discussion.  Denies knowledge or information sufficient to form a belief as to the accuracy of the quotation from Peter Hoekstra in the second sentence of paragraph 28.

29.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.  Denies knowledge or information sufficient to form a belief as to the accuracy of the quotation from Jack Goldsmith in paragraph 30.

31.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 because the terms used in this paragraph are vague and ambiguous.

32.  Denies the allegations in paragraph 32, except admits that State Department Legal Adviser Harold Koh gave a speech to the American Society of International Law on March 25, 2010, to which the Court is respectfully referred for a complete and accurate statement of its contents.

33.  States that paragraph 33 purports to characterize comments by John O. Brennan in a speech delivered at Harvard Law School on September 16, 2011, to which the Court is

respectfully referred for a complete and accurate statement of its contents.

34.   States that DOJ can neither confirm nor deny the allegations in paragraph 34, except to admit that there exists a classified legal memorandum addressing the subject of targeted killing that pertains to the Department of Defense.

35.   States that paragraph 35 purports to characterize a September 30, 2011, *Washington Post* article, to which the Court is respectfully referred for a complete and accurate statement of its contents.

36.   States that paragraph 36 purports to characterize an October 8, 2011, *New York Times* article, to which the Court is respectfully referred for a complete and accurate statement of its contents.

37.   With respect to the allegations in paragraph 37, admits that Mr. Shane submitted a FOIA request on June 11, 2010, to which the Court is respectfully referred for a complete and accurate statement of its contents.

38.   Admits the allegations in paragraph 38.

39.   States that paragraph 39 characterizes OLC's October 27, 2011 response letter, to which the Court is respectfully referred for a complete and accurate statement of its contents.

40.   States that paragraph 40 characterizes OLC's October 27, 2011 response letter, to which the Court is respectfully referred for a complete and accurate statement of its contents.

41.   Admits the allegations in paragraph 41.

42.   Admits the allegations in the first sentence of paragraph 42.  Denies the allegations in the second sentence of paragraph 42 and avers that OIP acknowledged receipt of plaintiffs' appeal by letter dated November 16, 2011.

43.  States that the allegations in paragraph 43 constitute a legal conclusion to which no response is required.

44.  With respect to the allegations in paragraph 44, admits that on October 7, 2011, Mr. Savage submitted a FOIA request to OLC, to which the Court is respectfully referred for a complete and accurate statement of its contents.

45.  Admits the allegations in paragraph 45.

46.  States that paragraph 46 characterizes OLC's response to Mr. Savage's FOIA request, to which the Court is respectfully referred for a complete and accurate statement of its contents.

47.  Admits the allegations in the first sentence of paragraph 47.  Denies the allegations in the second sentence of paragraph 47, except admits that OIP has the responsibility of adjudicating administrative appeals from the actions of OLC.

48.  Admits the allegations in the first sentence of paragraph 48.  Denies the allegations in the second sentence of paragraph 48 and avers that OIP acknowledged receipt of plaintiffs' appeal by letter dated November 16, 2011.

49.  States that the allegations in paragraph 49 constitute a legal conclusion to which no response is required.

50.  DOJ repeats, answers, and incorporates its responses to the allegations in the foregoing paragraphs as though fully set forth herein.

51.  States that the allegations in paragraph 51 constitute a legal conclusion to which no response is required.

52.  States that DOJ can neither confirm nor deny the allegations in paragraph 52, except

to admit that DOJ has possession of a classified legal memorandum addressing the subject of targeted killing that pertains to the Department of Defense.

     53.  Denies the allegations in paragraph 53.

     54.  Denies the allegations in paragraph 54.

     55.  Denies the allegations in paragraph 55.

     56.  Denies the allegations in paragraph 56.

     57.  Denies the allegations in paragraph 57.

The remainder of the complaint contains a request for relief, to which no response is required.  To the extent a response is required, defendant denies the allegations contained in the remainder of the complaint and states that plaintiffs are not entitled to the requested relief or any other relief from defendant.

Defendant denies all allegations in plaintiffs' complaint not expressly admitted or denied.

<u>FIRST DEFENSE</u>

Plaintiffs fail to state a claim upon which relief can be granted.

8

WHEREFORE, defendant is entitled to judgment dismissing plaintiffs' complaint with prejudice and granting such further relief as the Court deems just, including costs and disbursements.

Dated:  January 23, 2012

TONY WEST                                            PREET BHARARA
Assistant Attorney General                           United States Attorney for
                                                     Southern District of New York


By: _____/s/_____          By: _____/s/_____
ELIZABETH J. SHAPIRO                                 SARAH S. NORMAND
AMY POWELL                                           86 Chambers Street, Third Floor
20 Massachusetts Ave., N.W.                          New York, New York 10007
Washington, D.C. 20530                               Telephone:  (212) 637-2709
Telephone: (202) 514-5302                            Facsimile:  (212) 637-2702
Facsimile: (202) 616-8470                            Sarah.Normand@usdoj.gov
Elizabeth.Shapiro@usdoj.gov