UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.<br><br>Defendants. | Civil No. 12-00794 (CM) |

### SUPPLEMENTAL DECLARATION OF DOUGLAS R. HIBBARD

I, Douglas R. Hibbard, declare the following to be true and correct:

1) I am the Deputy Chief of the Initial Request (IR) Staff of the Office of Information Policy (OIP), United States Department of Justice. In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests processed by OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, and Public Affairs. The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice, as well as with other Executive Branch agencies. In devising and conducting searches, the IR Staff relies on its

knowledge of what is in the relevant files, as well as consultations with identified custodians of potentially responsive records, and continually refines search parameters to ensure a search reasonably calculated to locate responsive records.

2) I make the statements herein on the basis of personal knowledge, as well as on the basis of information acquired by me in the course of performing my official duties.

3) In my declaration of June 20, 2012, I described the administrative processing of plaintiffs' request, including the search for responsive records in the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), and Associate Attorney General (OASG). This declaration supplements by reference my June 20, 2012 declaration, and provides additional detail regarding the records search conducted by OIP. In particular, this declaration supplements ¶¶ 9-30 of my June 20, 2012 declaration. In light of the direct participation in the searches by OAG, ODAG, and OASG personnel with familiarity with the subject matter, as detailed in ¶ 9 of my June 20, 2012 declaration, coupled with OIP's own extensive experience in conducting records searches, I have confidence that the searches conducted for this request were reasonably calculated to locate the records that had been requested.

4) As described in ¶¶ 11, 18, and 20 of my June 20, 2012 declaration, OAG and ODAG identified a total of eleven custodians who may maintain responsive unclassified e-mails. In order to better facilitate the completion of its searches, OIP ultimately conducted the search of the unclassified e-mails of all eleven custodians through each officials' Enterprise Vault (EV Vault). As described in ¶ 12 of my June 20, 2012 declaration, the EV Vault maintains e-mails of current and former employees of the senior leadership offices of the Department.

5) One significant advantage of searching through the EV Vault is that it allows OIP to

refine its search terms so as to focus on the records being sought and limit the amount of non-responsive material located. At the time OIP was beginning its search of the EV Vaults, it had already completed its review of the unclassified paper and unclassified electronic files located in OAG, ODAG, and OASG. This review had demonstrated that the majority of the records related to Anwar al-Aulaqi maintained by OAG and ODAG (and, in fact, all of the records maintained by OASG) were not responsive to the request in that they concerned Anwar al-Aulaqi, but not the alleged use of lethal force against him. Given that knowledge, OIP conducted an initial search of the EV Vaults using the terms "al-Aulaqi," "al-Awlaki," and "al-Alwaki." These searches located a substantial amount of material, including many of the non-responsive records located in the searches of unclassified paper and unclassified electronic files. A preliminary review of a substantial sampling of these results demonstrated that the located material was not responsive to the request for reasons similar to those applicable to the unclassified paper and unclassified electronic material, i.e., the records did not pertain to the alleged use of lethal force against Anwar al-Aulaqi. As such, OIP determined that using the names alone was not sufficiently specific to identify records responsive to the request at issue. In addition, I have consulted the EV Vaults of the principal OAG and ODAG records custodians, i.e., the officials within those Offices primarily responsible for matters on this and related issues, and can confirm that "Aulaki" is not a spelling of Anwar al-Aulaqi's name that was commonly used by senior leadership office personnel.

6) Based on the knowledge detailed above, and because plaintiffs' request is explicitly focused on the legal authority for and alleged use of targeted lethal force against Anwar al-Aulaqi, Samir Khan, and Abdulrahman al-Aulaqi, OIP focused its search for records concerning

those individuals to records that included their names and the term "target."

7) Furthermore, in an effort to facilitate the processing of plaintiffs' request and based on the knowledge gained by OIP during the search for responsive records and OIP's initial review of the records located, OIP focused its review on the records of the three individuals identified in OAG and ODAG as the principal records custodians on this matter. As described in ¶¶ 12, 16, 19, 20, and 26 of my June 20, 2012 declaration, OIP reviewed the entirety of the records located for these three custodians. As these individuals had been identified as the principal records custodians for their respective Offices, the review of their records was not limited in any way. For the remaining, secondary custodians, OIP reviewed the first five hundred documents if the search revealed more than five hundred documents. As no additional responsive documents were located within these samplings, OIP determined that further review of the remaining records would not be likely to uncover responsive material.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Douglas Hibbard

Executed this 8 day of August 2012.