UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE NEW YORK TIMES COMPANY,
CHARLIE SAVAGE, and SCOTT SHANE,

                    Plaintiffs,           11 Civ. 9336 (CM)

    -against-

UNITED STATES DEPARTMENT OF JUSTICE,

                   Defendant.

-------------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION and
THE AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                    Plaintiffs,           12 Civ. 794 (CM)

    -against-

U.S. DEPARTMENT OF JUSTICE, including its
component the Office of Legal Counsel, U.S.
DEPARTMENT OF DEFENSE, including its
Component U.S. Special Operations Command,
and CENTRAL INTELLIGENCE AGENCY,

                  Defendants.

-------------------------------------------------------------x

## DECISION AND ORDER

McMahon, J.:

On January 3, 2013, the Court entered summary judgment in this Freedom of Information

Act ("FOIA") case in favor of the Government, but reserved judgment with respect to whether

the deliberative process privilege (and, by extension, Exemption 5 to FOIA) applies to two

unclassified memoranda identified by the Department of Defense ("DoD") in its *Vaughn* index

(the "Unclassified Memos"). (*See* Declaration of Lieutenant General Robert R. Neller ("Neller Decl."), Ex. J, Documents 9 and 10.) I found General Neller's justification for why DoD was withholding the Unclassified Memos lacking and permitted the Government to submit a supplemental declaration, in the hopes of receiving a more detailed explanation of DoD's reasoning. *See New York Times Co. v. Dep't of Justice*, Nos. 11 Civ. 9336, 12 Civ. 794, --- F. Supp. 2d ----, 2013 WL 50209, at *31, 38 (S.D.N.Y. Jan. 3, 2013). To that end, on January 18, the Government submitted the Declaration of Brigadier General Richard C. Gross ("Gross Decl."), Legal Counsel to the Chairman of the Joint Chiefs of Staff.

The relevant legal standards for the deliberative process privilege can be found in the Court's January 3 opinion at *27-28. Having reviewed the Gross Declaration, I conclude that the Unclassified Memos fall squarely within the deliberative process privilege and thus were properly withheld under Exemption 5. General Gross has demonstrated to my satisfaction that the Unclassified Memos are both predecisional and deliberative, for the reasons articulated in the Court's original decision. (*See* Gross Decl., ¶ 8.)

Accordingly, the Government's motion for summary judgment with respect to the Unclassified Memos is granted and Plaintiffs' cross motions for summary judgment are denied.

The Clerk of the Court is directed to enter judgment for the Government and to close both cases.

This constitutes the decision and order of the Court.

2

Dated: January 22, 2013

_____

U.S.D.J.

BY ECF TO ALL COUNSEL

3